OPINION OF THE COURT
Bernard E. Stanger, J.
We have before us at this time an unusual application for which precedent is totally lacking. The petitioner mother has moved this court for an order directing that the respondent father pay the sum of $5,000 to cover the cost of a Bar Mitzvah for the son of the parties (Robert Laitman), which is scheduled to take place around the end of November of this year, coinciding with his attainment of his 13th birthday on November 30, 1984.
The respondent father resists this application and contends that it is an impermissible intrusion by State and church. As such, he contends that this is unconstitutional and that this court lacks authority to make such an order. In seeming contradiction, the respondent contends that he is willing to pay one half of the costs of the services which are $100. It is entirely understandable that he resists this application since the Bar Mitzvah celebration for which the $5,000 is sought would be closed to him as a participant or even as a spectator since there is a degree of hostility between his former wife and himself, which would make him unwelcome on the occasion.
*695 . If any direction by the court is permitted in this instance, it must come under section 416 of the Family Court Act, which is devoted to the elements of support. This section mentions shelter, food, medical attention, expenses of education and other elements and goes on to state “other proper and reasonable expenses” may constitute an acceptable element of support. The Bar Mitzvah ceremony and celebration, which is restricted to the Jewish faith, is not specifically included and we have found no case law covering such a situation. Accordingly, we must examine the concept of a Bar Mitzvah to determine whether the cost of this is a proper and reasonable expense so as to be permissible under a support order from this court.
As already noted, the institution of a Bar Mitzvah is restricted to the Jewish faith, and even among sincere and devout practitioners of that faith, the concept of a Bar Mitzvah has been misconceived. Bar Mitzvah is neither an action nor an event. It is a state of being and although many parents honestly believe that a male child does not become Bar Mitzvah unless a formal ceremony takes place, that fact is that even if there is no ceremony whatever, the male child becomes Bar Mitzvah at the age of 13.[1]
The term “Bar Mitzvah” was unknown prior to the 14th century and its evolution applied to a male Jewish child on the attainment of his 13th birthday. At this time, he was deemed an adult and was permitted to sit with the congregation in a synagogue for worship.[2] In every synagogue there are sacred religious scrolls called the Torah, which contain the Five Books of Moses.[3] This embodies the foundation of Jewish law. On the first Sabbath after the male Jewish child’s 13th birthday, the Rabbi at the synagogue where his family worships summons him to the Torah where he reads from a portion of the Torah in the Hebrew language. Prior to this, the child will be given religious instruction in Hebrew to prepare him for a full understanding of the significance of this event. In the instant proceeding, the child (Robert Laitman) has been supplied with this type of special education from funds provided by the father.
*696 Upon the completion of the foregoing ceremony, it is customary for the parents of the Bar Mitzvah child to serve the congregation as well as their friends and other invitees with light refreshments, including wine, which is called a “kiddush”. This supplements the ceremony and provides a warm and friendly tone to the occasion.
In latter years, the celebration portion of the ceremony has been augmented by many Jewish families in a large and ostentatious manner at considerable expense. This practice is not looked upon with favor by the rabbinate who argue that parents should emphasize the sanctity of the occasion and should not demean it by undue emphasis on the social aspects of the celebration. While kiddush and the sharing of a festive light meal are customs of long standing, ostentation and lavish display should be avoided.[4]
In reaching the conclusion that the holding of a Bar Mitzvah ceremony and kiddush are justifiable for Robert Laitman within the purview of section 416 of the Family Court Act we take into consideration the fact that preliminary religious instruction has already been given to him to prepare him for this event and the Bar Mitzvah occasion is the culmination of that training. There is no question that as practicing members of the Jewish faith, Ruth and Kenneth Laitman would have provided him with this ceremony on the attainment of his 13th birthday had they continued to live together as husband and wife. This negates the claim by respondent of a constitutional intrusion that violates the separate aspects of church and State, since this court is not seeking to impose anything upon the parties hereto which they would not have done themselves under happier circumstances.
The situation is somewhat complicated by the differing views and economic status of the parties. The wife is asking for $5,000 to be paid entirely by the husband since she is unemployed and, as previously noted, his sole offer was $50. A careful consideration of expenses for a minimum ceremony and celebration (kiddush) indicates that the sum of $1,000 would be adequate and reasonable, and we direct that the respondent shall bear this cost as an item of support for his son’s needs, since there is no *697 question but that the Bar Mitzvah occasion will not only be in the child’s best interests, but constitutes a reasonable support expense.

. Siegel & Rheins, The Jewish Almanac.

. Millgram, Jewish Worship.

. Donin, To Raise a Jewish Child.

. Maslin, Gates of Mitzvah.